664 S.E.2d 476

**In the Matter of James T. FELDMAN, Respondent.**

**No. 26516.**

Supreme Court of South Carolina.

Submitted June 17, 2008.

Decided July 14, 2008.

Lesley M. Coggiola, Disciplinary Counsel, and William C. Campbell, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Stephanie Nichole Weissenstein, of Law Offices of Desa Ballard, P.A., of West Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of an admonition, public reprimand, or a definite suspension not to exceed sixty (60) days. *See* Rule 7(b), RLDE, Rule 413, SCACR. We accept the Agreement and definitely suspend respondent from the practice of law in this state for a thirty

(30) day period. The facts, as set forth in the Agreement, are as follows.

## FACTS

Respondent admits that, on or about January 12, 2006, a check was presented against his trust account at First Citizens Bank and Trust. At the time of presentment, the trust account lacked sufficient funds to honor the check because respondent had failed to insure that deposits associated with closings had been properly credited to the account. Respondent admits that his reconciliation of the account was not current when the check was reported for non-sufficient funds.

Further, respondent admits that, on or about November 5, 2007, a check was presented against his Horry County State Bank trust account. Respondent asserts that, at the time of presentment, the trust account lacked sufficient funds to honor the check because he had failed to insure that a correlating deposit had been properly credited to the account.

Respondent represents he is now compliant with Rule 417, SCACR, and that his reconciliations are current.

In 2003, respondent was issued a letter of caution citing Rule 1.15, RPC, Rule 407, SCACR.

## LAW

Respondent admits that by his misconduct he has violated the following provision of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15 (lawyer shall safeguard client property; lawyer shall not disburse funds from an account containing funds of more than one client unless the funds to be disbursed have been deposited in the account and are collected). In addition, respondent admits he violated the record-keeping provisions of Rule 417, SCACR. Finally, respondent admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers).

12

## CONCLUSION

We accept the Agreement and definitely suspend respondent from the practice of law for a thirty (30) day period. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., WALLER, PLEICONES, BEATTY, JJ., and Acting Justice JOHN W. KITTREDGE, concur.